UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **SPHERETEX GMBH**, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:20cv53-NKM |
| **CARBON-CORE CORP.**, | : |
| Defendant. | : |

MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO
AND IN FURTHER SUPPORT OF DEFENDANT'S FIRST MOTION TO DISMISS

COMES NOW Defendant Carbon-Core Corp. ("Defendant"), by and through its undersigned counsel, and submits this Memorandum in Reply to Plaintiff's Opposition ("Opposition") to and in Further Support of Defendant's Motion to Dismiss for Failure to Join an Indispensable and Necessary Party and for Lack of Subject Matter Jurisdiction pursuant to Rules 19(a) and 12(b)(1) of the Federal Rules of Civil Procedure ("Motion"), respectfully, or, alternatively, for *Forum Non Conveniens* and under the Doctrine of International Comity, and state as follows:

I. BACKGROUND

Plaintiff brings this instant action against Defendant for breach of contract, trade secret misappropriation, and trademark infringement. [DE 1, ¶ 2]. Principally, Plaintiff contends that Siegfried Gerhards ("Mr. Gerhards"), its former CEO, misappropriated Plaintiff's trade secrets and collaborated with Defendant in order to recreate the unique machinery needed to manufacture Plaintiff's key laminate bulker products. [*Id*., ¶ 29]. Plaintiff also contends that Defendant is improperly selling and distributing products through and in collaboration with Mr.

1

Gerhards, ESGE Tech GmbH & Co. KG, a German limited partnership, and ESGE-Tech Verwaltungs GmbH (a German limited liability company), the latter of which was purportedly later renamed to Carbon Core Europe GmbH (these entities, collectively, "ESGE"). [*Id.*, ¶¶ 4, 26, 36].

In its Motion, Defendant identified that Mr. Gerhards and ESGE were necessary and indispensable parties to this litigation, that the Court lacks subject matter jurisdiction in this matter, and that this matter, alternatively, should be dismissed on *forum non conveniens* grounds and pursuant to the doctrine of international comity.

## II. ARGUMENT

### A. Mr. Gerhards and ESGE are necessary and indispensable parties.

#### i. Mr. Gerhard and ESGE are necessary parties.

A party is necessary if it "claims an interest relating to the subject of the action," Fed R. Civ. P. 19(a)(1)(B), and adjudicating the matter in [its] absence could either "as a practical matter impair or impede [its] ability to protect the interest," *id*. 19(a)(1)(B)(i), or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest," *id*. 19(a)(1)(B)(ii). *Gunvor SA v. Kayablian*, 948 F.3d 214, 220 (4th Cir. 2020).

In its Opposition, Plaintiff, citing a Second Circuit case (*Peregrine Myanmar v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996), seems to contend that Mr. Gerhards and ESGE themselves must come forward and affirmatively claim an interest in the matter. [DE 20, p. 7]. Recently, however, the Fourth Circuit seemingly indicated that it has not adopted this position. In *Gunvor SA v. Kayablian*, the court stated that "[t]o the extent that Rule 19(a) requires *any* affirmative action from the non-joined party at issue", a declaration was a sufficient means to do so. 948 F.3d 214,

2

220 (4th Cir. 2020)(emphasis in original). Thus, it would appear that the Fourth Circuit declined to rule that a non-joined party must, itself, take any affirmative action. From a practical standpoint, if the interests of a non-joined party would be impaired or impeded, it should make little difference which party actually identifies this issue. Once identified, the matter should not proceed in their absence.

Second, in its Opposition, Plaintiff asserts that it "does not seek relief against Mr. Gerhards or ESGE in this action." [DE 20, P.7]. However, in its Complaint, Plaintiff requests "an injunction against the future use of the trade secrets by Defendant <u>and those with which or whom it is in active concert</u>." [DE 1, ¶¶ 48, 57, 64] (emphasis added). Those parties with whom Plaintiff believes Defendant is in active concert with, as illustrated throughout the Complaint, are Mr. Gerhards and ESGE. Thus, Plaintiff has effectively requested an injunction prohibiting Mr. Gerhards and ESGE from engaging in certain conduct it alleges to be unlawful.  If an injunction were to be granted, effecting, or prohibiting, certain conduct by Mr. Gerhards and ESGE, their interest would certainly be impaired or impeded. Presumably, there would be a court order mandating that they no longer utilize what Plaintiff contends are its trademarks and trade secrets. Therefore, Mr. Gerhards and ESGE are necessary parties[1].

Additionally, as set forth in Defendant's Motion, Mr. Gerhards is the individual alleged to have actually misappropriated the trade secrets at issue in this case. An adjudication of Defendant's liability for these allegations would certainly impair or impede Mr. Gerhards rights or interests in any subsequent litigation, as he is alleged to have been the "bad actor."

---

[1] If, as Plaintiff contends, these parties can be joined without this Court losing subject matter jurisdiction, then they should be joined on this basis.

3

      ii. *Mr. Gerhard and ESGE are indispensable parties.*

In order to determine whether a party is indispensable, courts look to the four (4) factors set forth in F.R.C.P. Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>  (A) protective provisions in the judgment;
>  (B) shaping the relief; or
>  (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

As stated in Plaintiff Opposition, factors one (1) and three (3) are similar to the inquiry under F.R.C.P. Rule 19(a). [DE 20, pp. 10-11]. Again, in light of the fact that Plaintiff seeks an injunction effecting Gerhard and ESGE's use of alleged trade secrets and certain trademarks, a judgment rendered in their absence would be highly prejudicial. In essence, Gerhard and ESGE would be prohibited from engaging in conduct without ever being afforded an opportunity to participate in this matter. This is true regardless of how the injunction would be shaped (Rule 19(b)(2)(b)).

  Finally, as to the fourth factor, Plaintiff does not contend that it cannot bring any claims in Germany. It simply contends that it can only bring its contract claim in Germany. Plaintiff's breach of contract claims asserts damages for "selling products that directly compete with Plaintiff's products" and "disclosing Plaintiff's confidential information to third parties." [DE 1, P. 11]. The damages arising from these claims would be nearly identical to those Plaintiff seeks from Defendant's alleged use of its trade secrets and/or trademarks that were supposedly used to directly compete with Plaintiff's products.

4

A party may not recover twice for one injury. *Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 333, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980) ("It also goes without saying that the courts can and should preclude double recovery by an individual."). Even if Plaintiff could not maintain its non-contractual claims against Defendant, which remains unresolved, then Plaintiff could still proceed with its contract claim and presumably obtain similar damages if it prevailed. No material prejudice would occur.

      B.  <u>This Court should dismiss this matter for *forum non conveniens*.</u>

The existence of an alternative forum depends on two factors: availability and adequacy. "Ordinarily, [the availability] requirement will be satisfied when the defendant is 'amenable to process' in the [foreign] jurisdiction." *Fid. Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 90 (4th Cir. 2007). A foreign forum is adequate when "(1) all parties can come within that forum's jurisdiction, and (2) the parties will not 'be deprived of <u>all remedies</u> or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.' " *Id*. (emphasis added).

As stated in Defendant's Motion, "Defendant consents to jurisdiction of the German courts." Thus, availability (i.e. Defendant's consent to process in Germany) is not at issue.[2] In terms of adequacy, all parties "can come within [Germany's] jurisdiction." Specifically, Plaintiff is a German company and Defendant has consented to jurisdiction there, as further evidenced by the contract entered into between the parties. Thus, the only issue in dispute is the second prong of the "adequacy test" – i.e., whether Plaintiff would be deprived of all its remedies or treated unfairly.

---

[2] Plaintiff has not cited any Fourth Circuit or Eastern District of Virginia Case that requires more than Defendant's consent.

In terms of adequacy, Plaintiff contends in its Opposition that (a) German courts <u>may</u> not consider the non-contractual claims, (b) a German court <u>may</u> not issue an injunction, and (c) if an injunction was issued, its implementation <u>may</u> be delayed. However, none of these arguments presented by Plaintiff establish that it would be "deprived of all remedies or treated unfairly."

First, even if a German court would consider only Plaintiff's breach of contract claim, Plaintiff could still recover nearly identical damages to those requested in its non-contractual claims. As set forth above, Plaintiff's breach of contract claims asserts damages for "selling products that directly compete with Plaintiff's products" and "disclosing Plaintiff's confidential information to third parties." [DE 1, P. 11]. These damages would be concurrent with Plaintiff's non-contractual claims, which are based on the same alleged improper acts of Defendant. In order to show that Plaintiff would be "deprived of all remedies", Plaintiff must effectively show that "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S. Ct. 252, 265, 70 L. Ed. 2d 419 (1981). Simply put, Plaintiff has not done so. Further, in acknowledging that it has available remedies in Germany for its contract claim, Plaintiff cannot maintain that it would be deprived of all remedies.

Second, Plaintiff has asserted that a German court "may" not enter an injunction. In maintaining this position, Plaintiff inherently acknowledges that a German court could enter an injunction. Although it appears Plaintiff cannot predict whether a German court *would* enter an injunction, this remedy is, importantly, an available or possible one. Regardless, the granting or non-granting of an injunction does not deprive Plaintiff of *all* its remedies. It is one, possible remedy, in addition to other remedies under German law (e.g. monetary damages).

Third, a delay in issuing or implementing an injunction granted in Germany does not deprive Plaintiff of *all* its remedies. It is simply a delay. As is clear, litigating this matter in Germany would not deprive Plaintiff of all, if any, of its remedies.

Finally, the public and private factors set forth in Defendant's Motion weigh in favor of dismissing this matter, the latter only amplified by Plaintiff's 13-page declaration of Dr. Heiko Büsing on German law [DE 21-1]. See [DE 13, p. 28] (Defendant… would certainly need to retain and pay for a German legal expert to do extensive reports and testify as to interpretation of the 2017 Distribution Agreement under German law); see also, *Interpane Coatings, Inc. v. Australia & New Zealand Banking Group, Ltd.*, 732 F. Supp. 909, 917 (N.D. Ill. 1990) (dismissing for *forum non conveniens*, finding the added burden of expert witnesses on foreign law "affects not only the public interest in avoiding wasted time, but also the private interest in avoiding excessive inconvenience and expense").

Again, the trade secrets that were alleged to have misappropriated in this matter were located in Germany and the misappropriation took place in Germany. As a result, documents and witnesses relevant to these allegations are principally located in Germany. Further, the contract entered into by the parties has a Germany choice of laws provision. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260, 102 S. Ct. 252, 268, 70 L. Ed. 2d 419 (1981) (the need to apply foreign law pointed towards dismissal). Considering the totality of circumstances and parties involved, this matter should be resolved in Germany.

### III.   CONCLUSION

WHEREFORE, Defendant, by and through its undersigned counsel, requests that this Court grant Defendant's Motion to Dismiss for Failure to Join an Indispensable and Necessary Party and for Lack of Subject Matter Jurisdiction pursuant, or, alternatively, for *Forum Non*

*Conveniens* and under the Doctrine of International Comity, and for all other relief this Court deems just and proper.

Date: November 9, 2020                                                  Respectfully Submitted,

                                                                        By Counsel

                                                                        /s/ *Robert Powers*
                                                                        _____

                                                                        Robert Powers, Esq.
                                                                        Andrea Harris, Esq.
                                                                        MCCLANAHAN POWERS, PLLC
                                                                        8133 Leesburg Pike, Suite 130
                                                                        Vienna, VA 22182
                                                                        Telephone: (703) 520-1326
                                                                        Facsimile:  (703) 828-0205
                                                                        Email: rpowers@mcplegal.com
                                                                                   aharris@mcplegal.com
                                                                                   pghale@mcplegal.com
                                                                        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020, the foregoing *document* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                        By: /s/ *Robert Powers*_____
                                                                                 Robert Powers, Esq.